MONTI et al. *v.* BISHOP.

1. A voidable decree must stand as a valid, subsisting decree, unless reversed by a court of review.

2. Where a defendant in a suit in equity obtains affirmative relief upon answer praying only to be " hence dismissed," etc., and without having filed a cross-bill, he is not in the position of one who alleges error in a decree in his own favor, and is not entitled to relief in this court.

3. Under the laws of Colorado a mere dismissal of a writ of error operates as a *nonsuit*, and not as a technical affirmance of the decree.

*Error to Probate Court of Clear Creek County.*

MARGARET BISHOP, the defendant in error, filed her bill in the probate court of Clear Creek county, to acquire title under the provisions of chapter eighty-four of the Revised Statutes, to lots numbered eighteen, nineteen and twenty in block number forty, in the town of Georgetown. Monti and Caze, the plaintiffs in error, answered severally, concluding with the general prayer to be "hence dismissed," etc. Replications were put in, and upon the hearing the court decreed, among other things, that the defendant in error was entitled to all of lot eighteen, and the south forty feet of lot nineteen in block forty as described in her complaint, and to a deed of conveyance therefor from the duly constituted corporate authorities, and that the plaintiffs in error were entitled to lot twenty and five feet in width of the north side of lot nineteen in said block. To reverse this decree the plaintiffs in error seek the interposition of this court.

Mr. M. S. TAYLOR, for plaintiffs in error.

Messrs. POST & COULTER, for defendant in error.

*Per Curiam.* This court held, in the cases of *Tucker* v. *McCoy*, (*ante*, p. 234), and *Abbott* v. *Monti* (*ante*, p. 561), that if, in a suit in chancery, the court below should decree to the defendant affirmative relief, upon an answer (in the absence of a cross-bill), praying only that the defendant may be hence dismissed, that such decree would be erroneous. In such case, if the complainant should prosecute his writ of error to this court, he would be entitled to a reversal of the decree. The decree, although voidable, must stand as a valid, subsisting decree, unless reversed by a court of review. The statute contemplates that the complainant shall make all adverse claimants parties defendant, so that the rights of all parties asserting adverse claims to the same property may be determined in the one proceeding. If a defendant in such a suit fails to file his cross bill, and a decree is entered in favor of the complainant upon the allegations and proofs, the defendant may not afterward bring an original suit against the complainant in the first suit. He must assert his rights in the manner prescribed by law in the first proceeding, and by the decree in that suit, unless the same be reversed, he is bound.

In the case before us the defendants in the lower court were decreed to be the owners and entitled to a deed for one lot and forty feet in width of another out of the three lots in controversy, the remaining portion of the lots being decreed to the complainant. The defendants filed no cross bill. Dissatisfied with the decree for one lot and a fraction of another, although having reference to the state of the pleadings, they strictly were entitled to none, they sued out their writ of error. They are in no situation, having reference to their assignment of errors to complain of a decree which gave to them more than they asked. In no conceivable event, in the present state of the pleadings, could they hope for a more favorable decree. The complainants might

well complain that the decree for the defendants is unwarranted by the pleadings. But, hitherto, they have not sued out a writ of error. They have silently acquiesced in the decree. Under our practice either party, complainant or defendant, feeling aggrieved by the decree, is at liberty to prosecute his writ.

The writ of error is a writ of right, to which either party is entitled at any time within the limitation fixed by law. *Harding* v. *Larkin*, 41 Ill. 419.

A reversal of the decree could not benefit, and would certainly injure Monti and Caze, unless we should allow them to file a cross bill; but they seek the reversal for no such purpose. They are not in the position of one who alleges error in a decree in his own favor and seeks the interposition of a court of review to enable him to amend his pleadings in the court below, or to correct some other error therein, so that an impregnable decree may be entered. In such case he might be entitled to a reversal. 2 Tidd's Practice, 1134; *Jones* v. *White*, 4 Scam. 338; *Capron* v. *Van Noorden*, 2 Cranch, 126.

As the plaintiffs in error, having reference to the specifications of error, have not made out a case entitling them to any relief in this court, and as the defendant in error, as far as now appears to us, is content with the decree, we will not in this proceeding disturb it. We are more willing to adopt this conclusion, as, under our laws, a mere dismissal of a writ of error operates as a nonsuit, and not as a technical affirmance of the decree. *Freas* v. *Englebrecht* (*ante*, p. 377). The plaintiff in error is not precluded from suing out another writ.

The writ will be dismissed with costs.

*Dismissed.*