No. 10,122.

PEOPLE, EX REL. MULLIGAN *v.* GIRARDOT, ET AL., as Directors of School District No. 2, Elbert County.

Decided October 3, 1921.   Rehearing denied December 5, 1921.

Quo warranto proceedings against defendants in error. Judgment of dismissal.

*Writ of Error Dismissed.*

1. SCHOOLS—*District Organization Not to be Questioned After One Year.* Under the provisions of section 5917, R. S. 1908, the legality of a school district organization cannot be questioned after it has continued to exercise its franchises and privileges for one year next succeeding the election of its officers.

*Error to the District Court of Elbert County, Hon. Arthur Cornforth, Judge.*

Mr. B. C. HILLIARD, for plaintiff in error.

Messrs. PERSHING, NYE, FRY & TALLMADGE, for defendants in error.

MR. JUSTICE WHITFORD delivered the opinion of the court.

MOTION to dismiss writ of error. On August 3, 1920, the plaintiff in error, as relator, instituted proceedings in the nature of quo warranto to test the validity of the organization of Consolidated School District No. 2, of Elbert County. On August 26, 1920, a final judgment of dismissal was entered. Three separate elections were held in school districts Nos. 3, 32 and 37 of Elbert County upon the question of whether the three districts should be consolidated under the name of Consolidated School District No. 2. The vote showed a large majority in favor of consolidation. Thereafter the voters of the new district held an election on May 31, 1920, at which they elected defendants in error as school directors, who immediately thereafter, on June

1, 1920, qualified and entered upon the duties of their offices, and it appears that the new district has ever since that date, without interruption, been in the exercise of all the franchises, prerogatives and privileges of a school district, such as hiring teachers, maintaining school for all the school children embraced within the territory of the three former school districts, levying taxes, issuing and selling bonds, contracting debts for school purposes, building and completing a school building, drawing and receiving public school money from the state and the county without dispute.

It also appears that since the election of May 31, 1920, the three former school districts Nos. 3, 32 and 37 have exercised no functions whatever as school districts, and have completely abandoned their school organization.

This writ of error was not sued out until July 8, 1921, which was more than one year next succeeding the election of school directors of the new district, which occurred on May 31, 1920.

Section 5917 of the Revised Statutes of 1908 provides:

"All school districts now formed or which may hereafter be formed, which shall continue to exercise, undisputed, the prerogatives, and enjoy the privileges, of a legally formed district, for the period of one year next succeeding the election of its officers, shall be deemed to be a legally formed district, and its legality shall not thereafter be questioned."

This is a statute of repose. We think this statute must be held as establishing the conclusive presumption that a school district openly and notoriously in the exercise and enjoyment of the franchises, privileges and prerogatives of a school district, for one year is a legally constituted school district, and that its legality cannot now be questioned by this writ of error.

"It is a matter of common knowledge that municipal action is often exceedingly irregular, although taken in perfect good faith. If these municipalities are subject to be called into court to defend their original organization, and

be subject to dissolution, after they have gone on raising taxes, buying property, contracting debts, and exercising all their usual franchises for years, the mischief and embarrassment that might ensue would be incalculable. These were the evils which the statute was designed to prevent by providing that, after a school district had exercised the 'franchises and privileges of a district for one year, the legality of its organization should not be questioned." *State v. School District,* 54 Minn. 213, 55 N. W. 1122.

We think the motion to dismiss the writ of error must be granted, and it is so ordered.

Mr. Justice Teller and Mr. Justice Bailey concur.