### No. 10,241.

THE GENERAL CHEMICAL CO., ET AL. *v.* THOMAS, ET AL.

Decided January 9, 1922.

Proceeding under the workmen's compensation act. On motion to dismiss writ of error.

*Motion Granted.*

1. WORKMEN'S COMPENSATION—*Appeal and Error.* A writ of error which is not sued out within the time provided by section 106, chapter 210, S. L. 1919, regarding practice in workmen's compensation cases, will be dismissed on motion.

Mr. FRED W. VARNEY, for plaintiffs in error.

Mr. HENRY E. MAY, Mr. A. J. GOULD, JR., for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS is a writ of error to the Denver district court upon a judgment rendered October 5, 1921, affirming an award by the Industrial Commission in favor of Emily Ann Thomas. Sixty days were allowed for a bill of exceptions which was signed November 10th, and thirty days stay of execution. December 12th this writ of error was sued out.

The Industrial Commission Act, Laws of 1919, page 744, § 106, provides

"The record in any case shall be transmitted to the Commission within twenty days after the order or judgment of the court, unless, in the meantime, a writ of error addressed to the district court shall be obtained from the supreme court, for the review of such order or judgment."

The defendants in error move to dismiss the writ because it was sued out neither within said twenty days nor within twenty days from the expiration of the said thirty days. The motion must be granted.

The plaintiff in error claims that the point was waived, because the defendants in error did not object at the time the thirty days for the bill was granted. Whether this waived the transmission of the record within twenty days from the judgment we do not determine; but it did not waive the requirement that such transmission be made within twenty days from the end of the thirty days stay granted by the court. If the court had power to grant that thirty days at all, which we do not determine, the most that the plaintiff in error could claim for it would be that it postponed the time at which the twenty days began to run, not that it abrogated the twenty day requirement entirely.

It is claimed that since the writ of error was actually issued before the record was transmitted to the commission, it ought not to be dismissed; but this argument is not sound. The words "in the meantime" mean "within the twenty days," not 'before the issue of the writ of er-

ror," and the delay of the clerk in transmitting the record, being a disobedience of the law, cannot avail. The statute is an express mandate in form, its purpose is to secure speedy compensation for those in need, to relieve from the law's delay those unable to bear it by doing away with just such delays as have occurred here; it is, then, mandatory in substance. It was the duty of the district court to send the record to the commission as soon as the twenty days expired, or, if the allowance of the thirty days for the bill was proper, then within twenty days from the end thereof.

The motion is granted.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.