No. 13,127.

In re Death of Lawrence.
Lawrence v. Industrial Commission et al.
(13 P. [2d] 261)

Decided July 5, 1932.

Mr. H. A. Hicks, Mr. H. A. Hicks, Jr., for plaintiff in error.

Mr. Clarence L. Ireland, Attorney General, Mr. Arthur L. Olson, Assistant, Messrs. Yeaman, Gove & Huffman, for defendants in error.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

A proceeding under the Workmen's Compensation Act. The claim was rejected by the commission. June 9, 1931, on review in the district court, the finding of the commission was upheld and consistent judgment followed. Motion for rehearing was dispensed with, and the

claimants were given twenty days to tender their bill of exceptions. Subsequently they were granted fifteen days' additional time, and the bill was tendered July 11, 1931. June 6, 1932, the case was docketed on error and writ issued. June 10, 1932, defendants in error, not having otherwise appeared, moved to dismiss the writ of error, for that, so it was said, it was obtained improvidently in point of time. In form and time of interposition the motion conforms to the practice. *Haley v. Elliott*, 20 Colo 199, 37 Pac. 27.

Section 106 of the act, as amended to 1931, is cited in support of the motion. It reads: ''It shall be the duty of the clerk of the district court, without order of court or application of the commission, to transmit the record in any case to the commission, within twenty-five days after the order or judgment of the court, unless in the meantime, a writ of error addressed to the district court shall be obtained from the supreme court for the reviewing of such order or judgment. * * *'' Prior to the 1931 amendment, this section, 4480, C. L. 1921, read as follows: ''The record in any case shall be transmitted to the commission within twenty days after the order or judgment of the court, unless, in the meantime, a writ of error addressed to the district court shall be obtained from the supreme court, for the review of such order or judgment.''

It will be noted that as to the point involved in this examination, the only change in the law is that instead of requiring the record to be sent to the commission within twenty days, the amended statute provides for like action within twenty-five days.

Disposing of a motion of similar import, based on the earlier statute, we held that since the writ there was not sued out within the time fixed for the district court to return the record to the commission, the motion should be granted. *General Chemical Co. v. Thomas*, 71 Colo. 28, 203 Pac. 660. The clear import of that decision is that only to this section may we look when determining within

what time a writ of error seeking review of a proceeding based on the general act, must be obtained. On re-examination of the point we adhere to our former decision. It comports with the general plan of the legislation, which contemplates prompt presentation and determination of claims arising under its provisions. It would be unreasonable to suppose that the legislature intended celerity of disposition should cease at the threshold of the Supreme Court. On the contrary we think the very opposite was intended. We so determined in a case where a corporation defendant procrastinated in seeking writ of error, and may not consistently relax the rule in the interest of claimants in like situation. *General Chemical Co. v. Thomas, supra.* In the Chemical Company case the writ was obtained after a delay of only two months, while here a whole year elapsed. Our reports disclose other exceptions to the general rule that writs of error may be obtained any time within one year. Illustrative instances are, *People, ex rel. v. Girardot,* 70 Colo. 444, 202 Pac. 111; *Rudolph v. Rudolph,* 50 Colo. 243, 114 Pac. 977.

The motion to dismiss the writ is granted.