## No. 13,816.

HULL *v.* DENVER TRAMWAY CORPORATION ET AL.

(50 P. [2d] 791)

Decided October 21, 1935.

524

Mr. CLYDE CAMPBELL, Mr. R. B. GARRISON, Mr. FRED PFERDESTELLER, for plaintiff in error.

Mr. GERALD HUGHES, Mr. W. A. ALEXANDER, Mr. CECIL M. DRAPER, Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

ON motion to dismiss writ of error in a proceeding under the Workmen's Compensation Act.

The claim having been rejected by the commission, claimant brought this action in the district court, where, July 31, 1935, judgment went against him. Write of error issued September 13, 1935.

In the circumstances, the statute (S. L. 1931, p. 825, §1, amending original §106) required the clerk of the district court to return the record to the commission "within twenty-five days after the order or judgment of the court, unless in the meantime, a writ of error addressed to the district court shall be obtained from the Supreme Court for the reviewing of such order or judgment." We have said that this section "operates as a short statute of limitations." *Kosmos v. Industrial Commission,* 96 Colo. 90, 39 P. (2d) 780. Also, that it is

an "express mandate in form, * * * mandatory in substance." *General Chemical Co. v. Thomas,* 71 Colo. 28, 203 Pac. 660. "Only to this section may we look when determining within what time a writ of error seeking review of a proceeding based on the general act, must be obtained." *Lawrence v. Industrial Commission,* 91 Colo. 179, 13 P. (2d) 261. The sum of the doctrine is that an aggrieved party has only twenty-five days within which to sue out a writ of error.

 Counsel opposing the motion to dismiss, no less than those proposing, subscribe to the salutariness of the rule developed through the decisions reviewed above. They urge, however, that since well within the period of twenty-five days they had prepared their bill of exceptions for the judge's signature, but due to his absence it was not signed until after such time, the delay in procuring the writ of error was unavoidable, and that the rule should be varied accordingly. The weakness of counsel's position is their assumption that to procure a writ of error the record must be filed at the time the writ is sought. In practice the record is frequently lodged simultaneously with the application for writ of error, but it should be borne in mind that issuance of the writ is not dependent thereon. The record may be filed subsequently. Indeed, the particular office of the writ is to require the clerk of the court in which the judgment complained of is entered, to certify the record for review. Rule 19. "The writ of error is a writ of right." *Monti v. Bishop,* 3 Colo. 605. It is issued as of course on petition or praecipe. 2 R. C. L., 101, §74. On request the clerk of the Supreme Court supplies printed blanks. The practice is exceedingly simple.

Nothing called to our attention operated to prevent plaintiff in error from procuring his writ of error within the customary twenty-five day period. It follows that the motion to dismiss should be granted. Let it be so ordered.