No. 15,455.

WHEELER KELLY HAGNY TRUST COMPANY, EXECUTOR
ET AL. *v.* WILLIAMSON ET AL.
(143 P. [2d] 685)

Decided November 22, 1943.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

PROCEEDING in an action entitled Wheeler Kelly Hagny Trust Company, a corporation, et al. v. Harry M. Williamson, et al. in the Boulder county district court, an attorney of the Colorado bar, of counsel for plaintiffs therein, has petitioned here for an order of waiver of rule 111, R.C.P., Colo., which provides, inter alia: "(b) No writ of error shall be issued after 12 months from the entry of judgment," etc. In behalf of prevailing defendants in the action, their counsel have interposed objections.

It appears that final judgment against the plaintiffs was entered May 14, 1942; that a member of the Kansas bar, an experienced attorney of many years' practice, was chief counsel for the plaintiffs in the action, and appeared and conducted the proceedings throughout to finality; that in behalf of his clients, and preparatory to seeking review on error, he ordered and paid for the record requisite to that end, which, completed and in form, was sent to him in November, 1942; that not until October 12, 1943, when in manner already indicated, was the matter called to our attention.

It further appears that about July 8, 1942, the Colorado attorney became connected with the military establishment of the Republic, and only on occasion thereafter was he privileged or able to give other than incidental attention to legal matters; "that during all of said time," as he stated in his petition, "this petitioner assumed that" Kansas counsel "was attending to the proceedings necessary to be taken to get said case before the Supreme Court of Colorado, and relied upon him to do so. That the said" Kansas attorney "is unfamiliar with Colorado practice, and has failed to docket said case in this court within the time provided by rule, which time expired on May 14, 1943." The petitioning Colorado attorney further stated that the "record was sent" to the Kansas attorney at his address in "Kansas, for his preparation of an abstract, and the brief and argument of the plaintiffs in error, which your peti-

tioner is now [October, 1943] advised is almost completed and ready for the printer; but the preparation of which has been delayed due to the shortage of clerical and stenographic assistance in the office of said" Kansas attorney.

■■■ We are not unappreciative of the labor involved, nor do we minimize the importance of the steps taken by counsel, but the answer is that to procure a writ of error, none of those steps was necessary. At any time within the twelve months fixed by the rule, an interested party may obtain a writ of error "by filing a praecipe" therefor "or by filing a record of the proceedings in the trial court prepared in compliance with Rule 112." Discussing a similar court rule and code provision in force prior to the effective date of our Rules of Civil Procedure, now controlling, and where difficulty in securing the record was urged as an excuse for not obtaining a writ of error within the time allowed, we said: "The weakness of counsel's position is their assumption that to procure a writ of error the record must be filed at the time the writ is sought. In practice the record is frequently lodged simultaneously with the application for writ of error, but it should be borne in mind that issuance of the writ is not dependent thereon. The record may be filed subsequently. Indeed, the particular office of the writ is to require the clerk of the court in which the judgment complained of is entered, to certify the record for review. Rule 19. 'The writ of error is a writ of right.' *Monti v. Bishop,* 3 Colo. 605. It is issued as of course on petition or praecipe. 2 R.C.L., 101, §74. On request the Clerk of the Supreme Court supplies printed blanks. The practice is exceedingly simple." *Hull v. Denver Tramway Corporation,* 97 Colo. 523, 50 P. (2d) 791. Once the writ has issued, the case is within our control and subject to reasonable extension of time within which an abstract or a brief, or even the record, may be filed. The situation may be likened unto the operation of any statute of limitations

—the action having been timely begun, reasonable delays in the course of procedure follow as in other cases. Here, unfortunately, the suit—under our practice a proceeding on error is a new suit—was not begun within the time required. While we regret the embarrassment which attends, still we may not consistently waive a rule recognized by all concerned, and which is properly invoked by those who oppose waiver.

Consistent with our disposition of the point involved, as indicated, the "case" will not be regarded as having been filed here, but in the interest of identification this opinion will be entitled as in the trial court, and bear a number assigned by the clerk. Docket fee will be waived.

Let the petition be denied.