No. 15,685.

GREGORICH ET AL. *v.* OLIVER COAL COMPANY ET AL.

(166 P.'[2d] 993)

Decided February 25, 1946.   Rehearing denied March 18, 1946.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, BARBARA LEE, Assistant, Mr. LANSFORD F. BUTLER, for plaintiffs in error.

Messrs. HAWKINS & HAWKINS, for defendants in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THIS is a workmen's compensation case in which the district court entered its judgment vacating and setting aside an award of the Industrial Commission. To review this judgment Joe Gregorich, Jr., and the Industrial Commission of Colorado have sued out a writ of error.

The writ was issued on October 15, 1945, and, upon motion of plaintiffs in error, the time within which to file their brief was extended until November 15, 1945. The brief of defendants in error was filed December 7, 1945, within the time of an extension granted by our court, and in the brief of defendants in error there is objection to our consideration of the case, based upon the failure of plantiffs in error to comply with the provisions of Rule 111 (f), R.C.P. Colo., in that no specification of points was filed at or before the time of the filing of their brief.

Rule 111 (f) reads: "No assignments of error, assignments of cross error or formal joinder in error shall be required. Plaintiff in error shall file a 'Specification of Points' upon which he relies for reversal of the judgment and a defendant in error may file a 'Cross-Specification of Points' upon which he relies for reversal or modification of the judgment. Each such specification shall set out separately and particularly each point relied upon *and shall be filed at or before the time of the filing of the brief of the party filing the specification* and it may be a separate paper or may be included in the brief of such party, in which case it shall be separate from the remainder thereof. *Counsel will be confined to the points so specified* but the court may in its discretion notice any error appearing of record. * * * " (Italics ours)

Under this rule, a specification of points should have been filed not later than November 15, 1945, when the brief of plaintiffs in error was due, but was not filed until December 20, 1945, after an objection to the filing thereof had been made.

Claimant's injury occurred on March 31, 1941. His claim was not filed with the Industrial Commission until January 8, 1945. Notwithstanding that some medical attention was given claimant by his employer's physician immediately after the accident, it will be noted that the General Assembly enacted a statute effective within three weeks from the date of the accident which provided that this medical service should not extend the time for filing claims. In view of the staleness of claimant's demand and the doubtful propriety of its late presentation, there is nothing herein appearing to appeal to the court's discretion for waiving the provisions of Rule 111 (f).

Accordingly, the objection is sustained and the writ of error dismissed.

MR. JUSTICE BAKKE dissents.

MR. JUSTICE BAKKE, dissenting.

The Court dismisses the writ of error on the ground that the specification of points was not filed in time in accordance with Rule 111 (f). All of the rule should have been quoted. It provides in part: "No writ of error shall be dismissed and no specification of points shall be disregarded on account of any technical defect not affecting the substantial rights of the parties." If there ever was a situation where the language just quoted should be invoked, it is here.

The record discloses that the specification of points was filed by leave of court on December 20, 1945, in response to a petition filed by the attorney general's office, in which it appears that the assistant attorney general in charge of these cases had been ill and that

she supposed the other assistant, who filed the brief in time, also had filed the specification of points therewith. This petition was served on defendants in error December 13, 1945, and no objection was made thereto.

The writ of error was issued on October 15, 1945: "Once the writ has issued, the case is within our control and subject to reasonable extension of time within which an abstract or a brief [specification of points may be filed with the brief], or even the record, may be filed." *Wheeler Kelly Hagny Trust Co. v. Williamson*, 111 Colo. 515, 143 P. (2d) 685. We have reinstated a cause after dismissal on procedural grounds where we thought disposition on the merits required it. *Grand Lodge v. Grand Lodge*, 86 Colo. 330, 282 Pac. 193.

"An appeal will not be dismissed because of a failure to assign errors within the time fixed, where the appellant makes a showing tending to explain and excuse the failure, and where it appears that no material delay nor prejudice to appellee has been caused thereby." *Moynihan v. Perkins (Syllabus)*, 17 Colo. App. 450, 68 Pac. 1062.

The purpose of the rule (requiring specification of points) is to advise the Court and opposing counsel as to the alleged error relied upon for reversal. Since counsel here agree that there is only the one point involved, the brief served on defendants in error in time fully advised them of the question presented for determination. When the reason for a rule fails, it should not be invoked.

"Copies to be served or filed. * * * No such service shall be required upon a defendant in error who has not entered his appearance in the supreme court as stated in the summons to hear errors, but an additional copy of each such paper shall be filed with the clerk." Rule 115 (i), R.C.P. Colo. The first appearance of defendant in error was November 26, 1945. Plaintiff in error filed his brief on November 14th, and so far as the extra copy in the clerk's office was concerned, we waived that pro-

vision of the rule when we permitted the filing on December 20th.

This would seem to sufficiently answer the Court's opinion, but for good measure, we may add that the rule that the workmen's compensation law is to be liberally construed has been disregarded.

Therefore, I respectfully dissent.