No. 16,440.

GREGORICH *v.* INDUSTRIAL COMMISSION ET AL.

(217 P. [2d] 614)

Decided April 10, 1950.

478

Mr. Lansford F. Butler, Mr. Alious Rockett, for plaintiff in error.

Mr. John W. Metzger, Attorney General, Mr. Allen Moore, Acting Deputy, Mr. Donald C. McKinlay, Assistant, for defendant in error Industrial Commission, Mr. Forrest C. Northcutt, for defendants in error Coal Company and Insurance Company.

*En Banc.*

Mr. Justice Jackson delivered the opinion of the court.

This workman's compensation case has been before this court on two previous occasions. It originated when Gregorich, to whom we will hereafter refer as claimant, filed his claim for compensation January 8, 1945, because of an injury said to have been received by him March 31, 1941, in the course of his employment.

At the hearing held January 26, 1945, claimant's testimony was that, while working in the mine his spine was injured when he was "rolled by a car between the car and the rib (or wall) of the mine." He also stated that his employer had paid for the medical services made necessary as a result of the injuries, and offered a written statement signed by Dr. Gould, his attending physician, to that effect. The referee refused to admit this signed statement, ruling that Dr. Gould should appear personally at the hearing. Because of Dr. Gould's absence from Denver, where the hearing was held, the referee granted an indefinite extension of time, for the convenience of counsel for claimant, in which to take Dr. Gould's testimony. Toward the close of the hearing, but before claimant had completed the introduction of all his evidence, counsel for the employer and insurance carrier moved that the claim be dismissed on the ground that it was barred by the statute of limitations. In sup-

port of the motion, counsel relied upon section 1, chapter 238, S.L. '41, which provides, inter alia: " * * * and the furnishing of medical, surgical or hospital treatment by the employer shall not be considered payment of compensation or benefits within the meaning of this section." The pertinent portion of section 363, chapter 97, '35 C.S.A., which the foregoing act of 1941 amends, reads in part: "The right to compensation and benefits, as provided by this article, shall be barred unless within six months after the injury, or within one year after death resulting therefrom, a notice claiming compensation shall be filed with the commission. This limitation shall not apply to any claimant to whom compensation has been paid." The commission denied the motion of counsel for employer and carrier, holding that original section 363 applied, and awarded compensation and benefits to the claimant.

In a subsequent action brought by the employer and carrier to set aside this award, the district court reversed the commission and held that the amended, and not the original, act applied, entering judgment in favor of the employer and the carrier. When this judgment of the district court came here for review, we dismissed the writ of error upon the ground that the specification of points was not filed in apt time as required by Rule 111 (f), R.C.P. Colo., stating: "In view of the staleness of claimant's demand and the doubtful propriety of its late presentation, there is nothing herein appearing to appeal to the court's discretion for waiving the provisions of Rule 111 (f)." *Gregorich v. Coal Co.*, 114 Colo. 481, 483, 166 P. (2d) 993.

Shortly thereafter the commission, in response to a mandate of the district court, entered a "supplemental award" vacating its previous award in favor of claimant. Its findings in favor of the employer and carrier include the following statement: "He [claimant] *was not paid compensation on account of the said injury* but he was furnished by the employer respondent such medical and

surgical attention and treatment as was required by the circumstances. He did not within six months after the said accident, or until January 8, 1945, file with this Commission his claim for compensation on account of the said injury, and a reasonable excuse for his failure to file such claim within the said period of six months was not established. His claim for compensation and medical benefits on account of said injury is therefore barred."

On October 28, 1946, we held, in *State Highway Dept. v. Stunkard*, 115 Colo. 358, 174 P. (2d) 346, that the original section 363, chapter 97, '35 C.S.A., supra, and not the 1941 amendment, was applicable under circumstances identical to those in the present case. Shortly afterwards claimant filed his petition with the commission, relying upon section 389, chapter 97, '35 C.S.A., as amended by chapter 135, S.L. '43, to reopen the cause and set the same for further hearing upon the ground of error, mistake or change in conditions. The commission refused to reopen and reconsider the claim and, in the subsequent action in the district court, the latter took the same position as had the commission. We reversed this judgment, in *Gregorich v. Industrial Commission*, 117 Colo. 423, 188 P. (2d) 886, holding that the commission and the trial court were in error in ruling that they were precluded by our opinion in *Gregorich v. Coal Co., supra,* from reopening the matter and determining the controversy on its merits. After a discussion of the authorities, we used the words: "We therefore conclude that it is the duty of the commission to consider Gregorich's claim for compensation and benefits upon the merits."

In due course a hearing on the merits was held by the Industrial Commission, at the conclusion of which the commission dismissed the claim. In the subsequent proceeding in the district court, the latter affirmed the dismissal by the commission. Claimant seeks reversal here

and files eight specifications of points which will be discussed later.

The statement of the referee gives the basis for the commission's action. After a history and background of the case, the referee continues:

"Claimant's average weekly wage was $42.60. He was born January 9, 1911. On March 31, 1941 claimant was injured when a piece of steel lodged in his left forearm. This steel was removed by the superintendent and claimant continued to work. Claimant's testimony is to the effect that during this same day he was rolled by a car between the car and the rib (or wall) of the mine when a car which he was attempting to block up slipped off the blocks. To that injury his present disability is attributed and upon that injury his claim is predicated.

"On April 1, 1941 the mine was closed by a strike and the claimant reported to the mine office and requested an order for examination by the company physician. He was given such order (respondent's exhibit 2 and 3) which reads:

" 'Stuck piece of steel in left arm half-way between wrist and elbow.'

"He reported to Dr. Gould, the company physician, who treated the injured arm on April 1, 3, 9, 11, and 15, 1941. Dr. Gould was paid for these services by the respondent employer. (Exhibit B). Claimant received no attention for his back injury until July 3, 1941. He was treated again on July 7, 1941 and thereafter on numerous occasions by Dr. Gould. The doctor received no history of a mine accident insofar as the back injury was concerned and treated the claimant as a private patient, billed him for his services and was paid for such services by the claimant.

"The claimant returned to work following the arm injury on or about May 1, 1941. During the period May 1, 1941 to September 30, 1943 the mine operated 628 days of which the claimant worked 583 days, a loss of 45 days' time in a period of two years and four months.

He left work about September 18, 1943. On January 15, 1944 he was operated for a ruptured inter-vertebral disc. During 1944 he worked five (5) weeks. He was again operated January 27, 1945. During 1946 he worked about ten (10) weeks. He is presently temporarily and totally disabled and permanent disability cannot be determined.

"The Claimant's right to compensation herein is based entirely upon those provisions of the Act in effect at the time of his injury which provided that the limitation on the time of filing a claim for compensation was not effective where medical expenses had been paid by the employer.

"The testimony herein is to the effect that the employer did not pay any medical expense on account of the injury alleged to be disabling this claimant but on the contrary the claimant himself paid for medical services rendered on account of his back condition. The claim for compensation filed herein is, therefore, barred by the statute.

"It is, therefore ordered: That this claim for compensation be and the same hereby is dismissed and denied."

The Industrial Commission subsequently entered the following supplemental award: "That the Supplemental Award of the Referee dated June 10, 1949 is correct. The Commission further finds that there is insufficient evidence to establish the fact that the claimant received a back injury during the course of his employment. It is, therefore, ordered: That the Award of the Referee dated June 10, 1949 be and the same hereby is adopted and affirmed as the award of this Commission."

The basic contention of claimant's counsel, which underlies most of the specifications of points, is that the commission had no right to retry the case and make new findings of fact and conclusions of law; that the case in respect to the evidentiary facts was closed and res judicata. It is argued that counsel for the employer and the carrier could have introduced their evidence at the hear-

ing in January 1945, and that when this was not done and an appeal was taken from the ruling on the motion to dismiss, based upon the application of a statute of limitations, that they had had their opportunity to present their evidence and, having failed, should not be allowed to do so at a later date. The result otherwise makes for piece-meal litigation.

■ We do not adopt this argument. We are cited to no cases that are in point. When we remanded the case to be tried on its merits, we did not intend that the fact-finding body should be foreclosed from taking any more evidence, but quite the contrary. It also is to be noted that when the hearing was adjourned in January, 1945, counsel for plaintiff did not rest but, when his witness last testifying had concluded, stated: "That is all *for this witness*." Furthermore, Dr. Gould was called as claimant's witness in the more recent hearing. When Dr. Gould took the stand he repudiated the written statement he had previously signed in 1945, explaining that he had written it from memory and without referring to his records. He then identified his office records bearing on his treatment of claimant. His records support the referee's findings. It should here be noted that the records of the employer, also introduced in evidence, support the referee's statement that the only injury of which complaint was made to the company was the hurt to the arm. Claimant's counsel now, fruitlessly it seems to us, seek to disown Dr. Gould as claimant's witness, and refer to him as the company's witness.

■ We can only conclude that there is substantial evidence to support the findings and award of the commission and the judgment of the court, and that, contrary to the contention in the specifications, neither commission nor court is guilty of an abuse of discretion in entering their respective orders. *Zuzich v. Leyden Lignite Co.*, 120 Colo. 21, 206 P. (2d) 833; *Morrison v. Clayton Coal Co.*, 116 Colo. 501, 181 P. (2d) 1011.

■ Counsel also refer to the inadequacy of the find-

ings of the referee. We accept his comment as a suggestion that more formal findings are desirable, but we believe there can be no mistake as to the findings of the referee. The commission embodied in its supplemental award the referee's statement as findings, and then itself made a further finding. We are of the opinion that this makes a record that the district court was justified in approving.

The judgment is accordingly affirmed.

Mr. Justice Holland not participating.