No. 11,166.

LINDSAY, ET AL. *v.* INDUSTRIAL COMMISSION, ET AL.

Decided June 1, 1925.

Proceeding under the workmen's compensation act. Judgment for claimant.

*Affirmed.*

1. WORKMEN'S COMPENSATION—*Findings—Award.* Where findings of the industrial commission support the award, it is not for the court to˜say whether the evidence justifies the findings.

2. *Award—Amendment.* Where from changed conditions or new developments it appears that an award of the industrial commission should be amended, although the court cannot direct it, the commission can and should make the proper amendment under the power conferred by section 4484, C. L. '21.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. F. A. LILYARD, Mr. M. A. SIMPSON, for plaintiffs in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JOHN F. REYNES, Assistant, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

VOLLIE GONCE, one of the defendants in error, a minor, while in the employ of Lindsay and Dolan, plaintiffs in error, lost his left leg by accident. It was amputated March 1, 1924, between the knee and hip, leaving a sufficient stump to permit the use of an artificial limb. March 14th he filed his claim with the commission. June 16th the referee made a report which was affirmed by the commission, and subsequently by the district court. The matters in dispute are the length of time and the rate of the allowance. The plaintiffs in error say that the rate, $10.80 per week, was higher than the findings of fact justified, and that the number of weeks, two hundred and eighteen, was greater than the facts justified. There are many statements and much argument, but all can be reduced to these two points.

A portion of the award reads as follows: "During November, 1923, the claimant earned $10.85, in December, 1923, he earned $61.60, in January, 1924, he earned $56.00 and in February, 1924, he earned $88.80. He was working for $3.60 per day and he worked six days a week when work was available. Claimant was sixteen years of age at the time he was hurt and had an eighth grade education. Under Section 47D the average weekly wages of a minor must be determined upon the basis of the earnings as such minor if not disabled would probably have earned during the time for which compensation is granted. *Although the testimony does not indicate that claimant's daily rate would have been increased during the future, 'the claimant must be given the benefit of the doubt'* as to whether or

not he would have been steadily employed. Compensation should, therefore, be paid upon the basis of the daily wage at the time of the accident or upon an average weekly wage rate of $21.60 per week.

It is, therefore, ordered that the respondent employer and the compensation insurance carrier above named pay compensation to the claimant at $10.80 per week beginning March 10, 1924, and continuing to June 16, 1924, both dates inclusive, for and on account of the claimant's total disability and beginning June 17, 1924, further compensation at $10.80 per week for a period of 204 weeks in full settlement of the claim for compensation filed herein."

We cannot disturb the finding as to the amount. If, in February, 1924, the claimant earned $88.80, neither we nor the district court can say, without usurping the function of the commission, that it was not probable that he would earn so much on the average for the four years next ensuing. He was sixteen years old; his earning capacity would ordinarily increase. The commission made no definite finding that it would or would not; neither did it find directly whether the claimant would have been steadily employed, but does so impliedly by making an award as if it had so found. This must be regarded as equivalent to a finding and it supports the award of $10.80 per week. It is not for us to say whether the evidence justifies the finding. *Prouse v. Industrial Com.,* 69 Colo. 382, 194 Pac. 625. There is nothing to show that the commission has acted in excess of its powers or that there was any fraud.

By C. L. § 4447, "the compensation for loss of a leg, where an artificial limb cannot be used is for 208 weeks; where it can be used, 139." The evidence before the commission was that none could be used and the findings were based thereon, but it subsequently developed that one could be used, and it appears from the documents in the record that an artificial limb was purchased by the claimant, and, presumptively, is still in use. This is not disputed. The award should be amended accordingly. We cannot direct the amendment because the award is sup-

ported by the findings, but, under C. L. § 4484, the commission has power, and of course will review its award and amend it if the facts are as we have stated.

The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.