## No. 11,877.

COURSEY *v.* INDUSTRIAL COMMISSION OF COLORADO.

Decided September 19, 1927.

Action in mandamus.   Judgment of dismissal.

## *Reversed.*

1.  WORKMEN'S COMPENSATION—*Enforcement of Award.* A claimant under the workmen's compensation act is as much entitled to the enforcement of his award as a judgment creditor is to an execution.

2.    *Enforcement of Award.* The industrial commission has no discretion to deny enforcement of an award under the workmen's compensation act.

3.    MANDAMUS—*Industrial Commission.* In an action in mandamus against the industrial commission to compel enforcement of an award under the workmen's compensation act, if there are facts which relieve the commission of its duty to enforce the award, they should be made to appear in the return.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. V. N. STINSON, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for defendant in error.

MR. JUSTICE DENISON delivered the opinion of the court.

THIS action was mandamus to compel the Industrial Commission to enforce an award in favor of Coursey against the Victor American Fuel Company. A demurrer to the alternative writ was sustained and the cause dismissed. The petitioner brings error.

The alternative writ stated that an award had been made; that the employer, a self-insurer, refuses to comply; yet the commission refused to enforce it. It is conceded that the claimant has no lawful way to enforce his award except by action of the commission. He is as much entitled to the enforcement of his award as a judgment creditor is to an execution. The commission cannot deny him.

It is claimed that the commission has discretion to deny enforcement. The statement is self-contradictory. It is that they may lawfully deny him that which is lawfully his.

Two methods are given to enforce an award: one by application to the district court, C. L. § 4410, another by

penalty for delay, C. L. § 4491. Perhaps the commission may, in its discretion, choose between them.

It is said that there are other facts which relieve the commission from its duty to enforce the award. If so, they should be made to appear in the return.

The judgment is reversed with directions to overrule the demurrer and proceed with the case.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.