## No. 12,061.

### Coursey v. Industrial Commission.

Decided April 2, 1928.

Proceeding under the Workmen's Compensation Act. Judgment of dismissal.

### *Affirmed.*

1. Workmen's Compensation—*Award—Review.* Under the provisions of C. L. § 4484, the industrial commission has power to review any award.

2. *Award—District Court Judgment.* A judgment of the district court that an award of the industrial commission is in full force and effect, gives it no additional virtue, it is still an award of the commission subject to modification or vacation by it, under the powers conferred by the act.

3. *District Court Powers.* In Colorado there is no appeal from an award of the industrial commission, and where the matter is taken into district court by independent action, the latter renders no judgment for money, it merely affirms or sets aside the award of the commission, and an affirmance leaves the award as if it had not been attacked.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. V. N. Stinson, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN BREITENSTEIN, Assistant, Messrs. YEAMAN, GOVE & HUFFMAN, Mr. LUKE J. KAVANAUGH, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE DENSION delivered the opinion of the court.

COURSEY brought mandamus in the district court of Fremont county to compel the commission to enforce an award which it had made in his favor against the Victor American Fuel company. A demurrer to the alternative writ was sustained and the cause dismissed. We reversed the judgment, *Coursey v. Industrial Com.*, 82 Colo. 311, 259 Pac. 514, and remanded the case for further proceedings. The respondent then answered and demurrers to the two defenses and a motion by petitioner for judgment on the pleadings were overruled; the petitioner elected to stand upon his demurrer and motion and comes here on error.

The pleadings show the following facts: Coursey filed a claim for compensation for an alleged injury to his eye, and, after hearing, the referee, on April 28, 1926, found in his favor and ordered compensation, but on May 12, 1926, vacated his finding and order, and a petition for review of this order of vacation was denied by the commission on July 6, 1926. The vacation was set aside by the district court, September 2, 1926, because it was ordered without notice to claimant. This judgment also set aside the denial by the commission of the said petition for review and adjudged the order of April 28, granting compensation, to be in full force. October 15, 1926, the commission, acting under C. L. § 4484, entered an order for further hearings to determine whether there had been error, mistake or change in conditions which would justify reopening the case and taking further testi-

mony. This proceeding for mandamus was then begun, November 22, 1926. The commission proceeded, however, and a hearing was set for February 17, 1927. Thereafter an order was entered fixing a further hearing at Pueblo on April 14, 1927. Thereafter and on or about May 2, 1927, the referee made a supplemental award denying the claim for lack of prosecution and lack of evidence. No petition for review of this last order has ever been filed. Petitioner had due notice of all these hearings.

The petitioner advances the proposition that the judgment of the district court of September 2, 1926, that the award of compensation shall be of full force and effect, bars review of that award by the commission under C. L. § 4484. We do not assent to that proposition. The commission had power to review any award. By C. L. § 4484 the commission may "upon its own motion on the ground of error, mistake or change in conditions  *  *  *  review any award and on such review, may make an award ending, diminishing, maintaining or increasing the compensation previously awarded." The judgment of the district court that an award is in full force and effect gives it no additional virtue. It is still an award of the commission, subject to all to which it was previously subject.

Petitioner cites *Gavalek v. Industrial Com.,* 100 O. St. 399, 126 N. E. 317, which holds that a judgment of court on appeal from the commission cannot be reviewed by the commission. That is doubtless correct under the Ohio Industrial Commission Act, where, it would seem, on such appeal, the court renders a judgment. (Paige's Ann. O. Gen. Code, 1465–90), and may have a jury, indeed did have one in the cited case, but with us there is no appeal, the district court renders no judgment for money, it merely affirms or sets aside the award. C. L. §§ 4361–4364. Its affirmance leaves the award as if it had not been attacked, and, in *Lindsay v. Industrial Com.* 77 Colo. 424–426, we assumed the right of the commission

to review an award affirmed both by the district court and by this court. We conclude that the judgment of the district court did not prevent a review under this section.

It is urged that the commission denied the claim—did not "end  *  *  *  the compensation previously awarded." We see no difference. The substance and effect is the same.

It is claimed that the answer does not show there was a review of the award of April 28. We think it does show it. By the order of October 15, 1926, the commission finds that a further hearing should be had to determine whether or not there had been an error, mistake or change in conditions justifying the commission in reopening this claim and taking further testimony and makes an order accordingly. This is according to the statute C. L. § 4484.

The permanent writ was rightly denied and the judgment is affirmed.

MR. JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE WALKER concur.