No. 15,966.

Gregorich *v.* Industrial Commission et al.

(188 P. [2d] 886)

Decided January 5, 1948.

Mr. L. F. Butler, for plaintiff in error.

Mr. H. Lawrence Hinkley, Attorney General, Mr. Duke W. Dunbar, Deputy, Barbara Lee, Assistant, Mr. Forrest C. Northcutt, for defendants in error.

Mr. Justice Hays delivered the opinion of the court.

In this opinion we will refer to Joe Gregorich, Jr., plaintiff in error, and to Industrial Commission of Colorado, Oliver Coal Company, and Employers' Mutual Insurance Company, defendants in error, as claimant, commission, company and carrier, respectively.

On March 31, 1941, claimant sustained an injury in a mine accident while employed by the company. Notice and claim for compensation was filed by claimant with the commission January 8, 1945, and a hearing held thereon January 26, 1945. The principal ground of dispute is whether original section 363, chapter 97, '35 C.S.A., or the amendment thereof, chapter 238, S.L. '41, should apply.

The pertinent portion of said original section provides, inter alia: "The commission shall have jurisdiction at all times to hear and determine and make findings and awards on all cases of injury for which compensation or benefits are provided in this article. The right to compensation and benefits, as provided by this article, shall be barred unless within six months after the injury, or within one year after death resulting therefrom, a notice claiming compensation shall be filed with the commission. This limitation shall not apply to any claimant to whom compensation has been paid."

We have held that payment for medical services furnished an injured employee constitutes payment of compensation within the purview of the last sentence of the above act, and effectively removes the bar of the statute. *State Highway Dept. v. Stunkard,* 115 Colo. 358, 174 P. (2d) 346; *Brofman v. Industrial Commission,* 117 Colo. 248, 186 P. (2d) 584. The 1941 amendment, approved April 21, 1941, not being effective until subsequent to the accidents in the Stunkard and instant cases, expressly provides that, "The furnishing of medical, sur-

gical or hospital treatment by the employer shall not be considered payment of compensation or benefits within the meaning of this section."

The commission, when claimant's claim was first presented to it, held that original section 363 applied and awarded compensation and benefits to claimant. In an appropriate action therein brought by company and carrier against claimant the district court reversed the commission, and held that the amended, and not the original, act applied, and thereupon entered judgment in favor of the company and carrier, against the claimant, and ordered the commission to vacate its award.

The above judgment of the district court was brought here for review by writ of error, and we dismissed the writ upon the ground that the specification of points was not filed in apt time as required by our rules, and we declined to pass upon the merits of the controversy or express an opinion as to whether the original, or the amended, act applied. *Gregorich v. Oliver Coal Co.* (Feb. 25, 1946), 114 Colo. 481, 166 P. (2d) 993.

Thereafter the commission, in accordance with the mandate of the district court, entered a "supplemental award" vacating the previous award in favor of claimant and made findings in favor of the company and carrier, and in so doing said, inter alia: *"He* [claimant] *was not paid compensation on account of the said injury* but he was furnished by the employer respondent such medical and surgical attention and treatment as was required by the circumstances. He did not within six months after the said accident, or until January 8, 1945, file with this Commission his claim for compensation on account of the said injury, and a reasonable excuse for his failure to file such claim within the said period of six months was not established. His claim for compensation and medical benefits on account of said injury is therefore barred."

Thereafter and on, to wit, October 28, 1946, in a similar proceeding, involving the same question and under

the identical circumstances as appear in the present case, we held that the original section 363, and not the 1941 amendment should apply. *State Highway Dept. v. Stunkard, supra.*

Shortly after the announcement of, and obviously prompted by, the above opinion, claimant filed his petition with the commission pursuant to the provisions of section 389, chapter 97, '35 C.S.A., as amended by chapter 135, S.L. '43, to reopen the cause and set the same for further hearing upon the ground of "error, mistake or change in conditions." Under the erroneous belief that it was without jurisdiction to act, the commission refused to reopen and reconsider the claim and as reason therefor said: "That this claim has heretofore been heard before this Commission and subsequently appealed to the Supreme Court of Colorado. The Commission having carefully considered the decision of the Supreme Court, and being now fully advised in the premises, is of the opinion that the decision of the Supreme Court is final and conclusive. The Commission, therefore, declines to reopen and reconsider this claim. It is, therefore, ordered: That the claimant's petition for this Commission to reopen and reconsider this claim, be and the same is hereby denied."

In a statutory action the district court took the same position as had the commission, sustained defendant's motion to dismiss claimant's complaint, and entered judgment in favor of defendants and against the claimant, to review which the claimant brings the cause here by writ of error, and the matter is now here for the second time.

From the foregoing it clearly appears that claimant was injured March 31, 1941; that claim was filed January 8, 1945; that the principal dispute before the commission and district court related to whether original section 363 or the 1941 amendment applied; that it was judicially determined in *State Highway Dept. v. Stunkard, supra,* that the original section 363, and not

the amendment, applied; that the company furnished medical treatment to claimant and that such constitutes payment of compensation under said original section as construed by this court; that by reason of furnishing such medical services, the bar of the statute requiring the claim to be filed within the six months from the date of injury was effectively removed; that the claim was filed in apt time, and that claimant was entitled to have same considered on its merits; that the statement contained in the "supplemental order" of the commission to the effect that claimant "was not paid compensation on account of said injury" is incorrect, and that the commission and trial court were in error in ruling that they were precluded by our opinion in *Gregorich v. Coal Co. supra*, from reopening the matter and determining the controversy on its merits.

■ In *Industrial Commission v. Lockard*, 89 Colo. 428, 3 P. (2d) 416, we said: "But where, as here, the commission does entertain such a petition and denies it, not in the exercise of its discretion, but because of the erroneous belief that the commission is without jurisdiction to review the case upon its own motion, we entertain no doubt of the claimant's right to a judicial review of such ruling. In this case Lockard was and is entitled to have the commission exercise its discretion in the matter."

■ We also have held that the refusal by public officials to exercise the discretion vested in them upon the ground of want of authority amounts to a refusal to act. *People ex rel. v. McNichols*, 91 Colo. 141, 13 P. (2d) 266.

■ The statute under which this action is brought authorizes the commission, upon its own motion, to reopen claims for compensation, and to review any award upon the "ground of error, mistake or a change in conditions." We have held that a mistake within the purview of the above mentioned statute includes mistakes of fact or law. *State Compensation Insurance Fund v. Industrial Commission*, 80 Colo. 130, 249 Pac. 653. In

the instant case the commission and the trial court not only were mistaken in assuming that the commission had no authority to reopen the proceedings because of our opinion in the Gregorich case, supra, but the commission was further mistaken when it said in its supplemental order that the claimant "was not paid compensation on account of the said injury."

We therefore conclude that it is the duty of the commission to consider Gregorich's claim for compensation and benefits upon the merits.

The judgment of the district court is reversed, and the cause remanded for further proceedings in keeping with the views herein expressed.

MR. JUSTICE STONE not participating.