Ralph W. BACON, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; Director, Department of Labor and Employment, Division of Labor, State of Colorado; Frontier Airlines; and Ranger Insurance Company, Respondents.

No. 86CA1652.

Colorado Court of Appeals, Div. I.

Oct. 15, 1987.

Vernon P. Playton, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Dept. of Labor and Employment.

Downey & Gulley, P.C., Jeffrey J. Cowman, Denver, for respondents Frontier Airlines and Ranger Ins. Co.

ENOCH, Chief Judge.

Ralph Bacon (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) affirming the suspension of his temporary total disability benefits. We affirm.

Claimant sustained an industrial injury to his back and was unable to resume his employment at Frontier Airlines. A vocational rehabilitation plan was devised to train claimant over a six-month period as a police dispatcher. The plan was approved by claimant, his vocational rehabilitation counselor, his physician, and Frontier's insurer (Ranger Insurance Co.). The plan was submitted to the Division of Labor (Division) but, apparently as a result of administrative oversight, was not approved by the Director of the Division.

Despite the lack of approval, claimant began training in October 1984; but he was terminated by the police department after two weeks for failure to cooperate. Thereafter, claimant's vocational rehabilitation counselor continued to assist claimant in locating employment opportunities until May 1985, when Frontier and Ranger moved to suspend benefits pursuant to § 8–51–110(3), C.R.S. (1986 Repl. Vol. 3B).

Following a hearing, the hearing officer issued an order allowing the suspension of benefits and leaving the determination of permanent disability for a later date. On review, the Panel affirmed the hearing officer's order. The Panel also concluded that claimant's failure to cooperate was a continuing detriment to the rehabilitation program, thereby effecting a permanent suspension of temporary total disability benefits.

## I.

On review, claimant asserts that § 8–51–110(3), C.R.S. (1986 Repl. Vol. 3B) does not permit permanent suspension of benefits without a prior order from the Director ordering him to cooperate. We disagree.

Section 8–51–110(3) provides in pertinent part:

"If any employee ... refuses to submit to ... vocational rehabilitation as is reasonably essential to promote his recovery and rehabilitation, the director, in his discretion, may reduce or suspend the compensation of any such injured employee."

The provisions of the statute quoted, applicable to refusal to undergo vocational reha-bilitation, do not require that claimant be directed to cooperate with vocational rehabilitation prior to the issuance of an order to suspend the receipt of benefits.

Claimant contends that the statute gives the director the authority only to suspend benefits temporarily and that the director should reinstate the benefits because claimant has subsequently complied with vocational rehabilitation efforts. We do not agree that claimant is entitled to a reinstatement of benefits.

In *Dziewior v. Michigan General Corp.,* 672 P.2d 1026 (Colo.App.1983), we held that the term "suspension," as used in this statute, contemplates the resumption of benefits upon the removal of the disqualifying condition. In this case however, the Panel concluded that the claimant had failed to remove the disqualifying condition. The Panel stated that "the claimant's effective refusal ... to participate in training for employment as a police dispatcher has not been ... remedied, and this refusal has had a continuing detrimental effect on his ability to return to suitable gainful employment."

The record reveals that: 1) the rehabilitation program, as implemented, would have resulted in readily marketable skills; 2) the failure of the rehabilitation program was caused by claimant's uncooperative behavior; 3) the participating police department is unwilling to renew the rehabilitation program or to hire claimant; and 4) the claimant's subsequent self-directed job search has failed to result in suitable employment.

Because there is substantial evidence to support the Panel's conclusion, it will not be disturbed on review. Section 8–53–120, C.R.S. (1986 Repl. Vol. 3B).

## II.

Claimant next argues, in effect, that the suspension was improper because Frontier and Ranger are guilty of laches by not seeking relief for more than six months after the training program was terminated. We disagree.

Laches is an equitable doctrine which may be applied to deny relief to a party whose unconscionable delay in enforcing his rights has prejudiced the party against

whom the claim is asserted. *People v. Bravo*, 692 P.2d 325 (Colo.App.1984).

Claimant asserts that the six-month delay in this case was prejudicial, but he does not support that assertion with an explanation of the nature or extent of such prejudice. Under these facts, the doctrine in inapplicable. *See Caldwell v. District Court*, 644 P.2d 26 (Colo.1982).

### III.

Claimant also asserts that because the vocational rehabilitation plan has not been approved by the Director, the plan was not valid and he was not obliged to cooperate with it. We do not agree.

Rule V(D)(5), 7 Code Colo.Reg. 1101–3, provides:

> "The director, upon receipt of a proposed vocational rehabilitation plan and upon review, shall order the plan either approved or disapproved or modified. Implementation of the plan may begin as soon as the employee is capable of participating in the program, as indicated by competent medical evidence. The plan shall begin upon the director's approval or the date specified in the plan as applicable, whichever is later. The carrier shall continue to provide temporary disability benefits if applicable until implementation of the plan and the employee begins his vocational rehabilitation program."

The right which accrued to claimant because of the lack of approval was the right not to commence the training program. Once the plan was implemented and claimant voluntarily submitted to it, the lack of approval by the Director, as distinguished from an express disapproval, did not excuse claimant's failure to cooperate. Moreover, as the Panel stated, claimant has not asserted that his lack of cooperation was premised on the absence of approval. Therefore, any error in failing to approve the plan was not prejudicial to claimant. *See* § 8–53–122, C.R.S. (1986 Repl. Vol. 3B).

### IV.

Claimant's final contention is that the Panel's conclusion that he failed to cooperate is unsupported by the record. This contention is without merit.

There is overwhelming evidence that claimant intentionally failed to cooperate. The pertinent conflicts in the evidence, other than claimant's own testimony, are few. To the extent the evidence was conflicting, we perceive no error in the Panel's resolution of that conflict. *See Gelco Courier v. Industrial Commission*, 702 P.2d 295 (Colo.App.1985).

The order is affirmed.

SMITH and STERNBERG, JJ., concur.