Sammy WARD, Petitioner,

v.

AZOTEA CONTRACTORS, Employer;
Wausau Insurance Companies, Insurer;
and Industrial Commission of Colora-
do, Respondents.

No. 86SC403.

Supreme Court of Colorado,
En Banc.

Dec. 14, 1987.

Butler, Landrum, Pierce & Turner, P.C.,
Robert W. Turner, Lakewood, for petition-
er.

Glasman, Jaynes, Carpenter & McBride,
Thomas O. McBride, Denver, for respon-
dents Azotea Contractors and Wausau Ins.
Companies.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., Mary Karen Maldonado,
Asst. Atty. Gen., Denver, for respondent
Industrial Com'n of Colorado.

Paul Conaway, Denver, for amicus curiae
Colorado Trial Lawyers Ass'n.

LOHR, Justice.

We granted certiorari to review the un-
published opinion of the Colorado Court of
Appeals in *Ward v. Azotea Contractors*,
No. 85CA1143 (Colo.App.1986), a case
presenting the issue of whether our deci-
sion in *Engelbrecht v. Hartford Accident
& Indemnity Co.*, 680 P.2d 231 (Colo.1984),
is to be given retroactive effect. In *Engel-
brecht*, we held that cost-of-living increases
in federal social security disability benefits
are not "periodic disability benefits" within
the meaning of section 8–51–101(1)(c), 3B
C.R.S. (1986), and therefore do not trigger
deductions from state workers' compensa-
tion disability benefits. Subsequent to our
decision in *Engelbrecht*, the petitioner
moved to reopen his case before the Indus-
trial Commission of Colorado (Commission),
asserting that *Engelbrecht* should be ap-
plied retroactively to his case and that it
entitled him to reimbursement for moneys
previously deducted from his workers' com-

pensation disability benefits based on cost-of-living increases in his social security disability benefits. The hearing officer ruled that *Engelbrecht* is to be applied prospectively only—that is, only to benefits payable after the date of that decision. The Commission entered an order affirming the hearing officer's decision, and the court of appeals in turn affirmed the order of the Commission.

In *Marinez v. Industrial Commission,* 746 P.2d 552 (Colo.1987), we held that our decision in *Engelbrecht* is to be applied retroactively. Therefore, we reverse the judgment of the court of appeals.

### I.

On August 22, 1967, the petitioner, Sammy Ward, was rendered a paraplegic from the waist down as the result of a back injury sustained while in the course and scope of his employment with Azotea Contractors. The employer's workers' compensation insurer admitted that Ward was permanently and totally disabled and further admitted liability for compensation. Ward was also awarded federal social security disability benefits and began receiving such benefits on March 1, 1968.

The Commission entered an order on August 19, 1968, finding that Ward was permanently and totally disabled and that the workers' compensation insurance carrier for Azotea Contractors was liable for the compensation and benefits to which Ward was statutorily entitled. A further order was entered by the Commission on August 23, 1968, providing that the insurer, pursuant to section 81–12–1(4), 4 C.R.S. (1963) (the predecessor statute to section 8–51–101(1)(c)), would be allowed to deduct one-half of Ward's periodic social security disability benefits from the workers' compensation disability benefits for which the insurer was liable.

Ward received cost-of-living increases in his social security disability benefits on January 1, 1970, and January 1, 1971.[1] A hearing officer entered an order on May 25, 1971, authorizing the insurer to deduct one-half of these increases from Ward's workers' compensation benefits. On July 2, 1971, Ward's attorney sent a letter to the Commission contesting these cost-of-living offsets and requesting a hearing to resolve the issue. No hearing was held at that time.

Between October 21, 1971, and February 17, 1976, Ward was awarded four lump sum advances on his workers' compensation disability benefits. Each of the lump sum advances resulted in a reduction of his periodic workers' compensation disability benefits. After Ward filed a petition requesting the last of these four lump sum advances, the insurer filed an admission of liability, which stated that it had overpaid Ward for benefits it had previously been ordered to pay. In July of 1984, Ward applied for yet another lump sum advance. The Department of Labor and Employment (Department) advised Ward that the social security deductions, together with the prior lump sum advances, had reduced his periodic workers' compensation benefits to zero, but that his application would be forwarded to the Commission. The Commission denied Ward's request for a lump sum advance on September 12, 1984. Two days later, Ward's attorney wrote a letter to the workers' compensation section of the Department, stating that in view of *Engelbrecht,* the Department had incorrectly calculated Ward's benefits by allowing deductions for cost-of-living increases in his social security disability benefits. Counsel requested that the Department recalculate Ward's entitlement to workers' compensation disability benefits. No recomputation was made.

On November 13, 1984, Ward applied to the Commission for a hearing on the issue of "social security offsets." A hearing

---

1. Cost-of-living increases to social security benefits were first authorized by Congress in 1972 and were first paid in 1975. *See Engelbrecht,* 680 P.2d at 232 n. 1. Prior to that time increases were not automatic but were considered by Congress periodically. *See, e.g.,* Social Security Amendments of 1969, Pub.L. No. 91–172, §§ 1002, 1003, 83 Stat. 737–741 (1969) (increase in social security benefits); Amendments to the Social Security Act, Pub.L. No. 92–5, §§ 201–202, 85 Stat. 6–11 (1971) (increase in social security benefits).

was held before a hearing officer on January 17, 1985. On March 26, 1985, the hearing officer issued a written order concluding that *Engelbrecht* should not be applied retroactively, and that Ward was therefore not entitled to have his workers' compensation disability benefits increased to the extent of the amounts previously deducted for cost-of-living increases in his social security disability benefits. The Commission adopted and affirmed the decision of the hearing officer by an order dated July 25, 1985.

Ward appealed the Commission's order to the Colorado Court of Appeals. The court of appeals affirmed that order, relying on its decision in *Rusk v. Industrial Commission*, 716 P.2d 156 (Colo.App.1985), in which it held that *Engelbrecht* should not have retroactive application. *Ward v. Azotea Contractors*, No. 85CA1143, slip op. at 4 (Colo.App.1986). Ward then sought review by this court, and we granted certiorari.

II.

The respondents contend that this matter is not properly before us because Ward failed to file a petition to review the hearing officer's order of May 25, 1971, authorizing the insurer to deduct one-half of the cost-of-living increases in federal social security disability benefits from his workers' compensation periodic disability benefit payments. We did not grant certiorari to review this question. However, we have examined the record to consider the merits of this contention because if the respondents are correct, we lack jurisdiction to consider this case.

█ Section 8–53–106, 3 C.R.S. (1973), the statute in effect at the time, prescribed the procedure for filing a petition to review an order of a hearing officer.[2] It required that any party dissatisfied with such an order must file a petition to review "within fifteen days from any referee's or director's order or award of the commission, unless further time is granted by the referee, director or the commission within said fifteen days, and unless so filed, said order or award shall be final." § 8–53–106(3), 3 C.R.S. (1973). Ward's petition for review was in the form of a letter of his counsel dated July 2, 1971,[3] more than fifteen days after the May 25, 1971, order for which he sought review, and therefore was not timely filed. *Id.*

█ A final award, however, could be reopened pursuant to section 8–53–119, 3 C.R.S. (1973), the statute then in effect.[4] *Padilla v. Industrial Commission*, 696 P.2d 273, 276–80 (Colo.1985); *Graden Coal Co. v. Ytuarralde*, 137 Colo. 527, 535–36, 328 P.2d 105, 110 (1958). Section 8–53–119 contained the following pertinent provisions at the time Ward sought to obtain review of the hearing officer's decision:

> Upon his own motion on the ground of error, mistake, or a change in condition, the director [of the division of labor], at any time within six years from the date of accident in cases where no compensation has been paid, or at any time within two years after the date last payment becomes due and payable or within six years from the date of accident, whichever is longer, in cases where compensation has been paid, and after notice of hearing to the parties interested, may review and reopen any award and, on such review, may make an award ending, diminishing, maintaining, or increasing compensation and any medical benefits previously awarded.... Any such order made by the director shall be subject to review by the [industrial] commission.

The director's discretion to reopen an award under this section can be set aside only on the basis of fraud or clear abuse of discretion if based upon one of the statutory grounds for review and exercised

---

2. Section 8–53–106, 3 C.R.S. (1973), was repealed and reenacted as § 8–53–111 by Ch. 71, sec. 1, § 8–53–111, 1983 Colo.Sess.Laws 416, 419–421.

3. A letter that satisfies statutory requirements acts as a valid petition to review. *Miller v.*

*Industrial Commission*, 28 Colo.App. 462, 465, 474 P.2d 177, 178 (1970).

4. Section 8–53–119, 3 C.R.S. (1973), was repealed and reenacted as § 8–53–113. Ch. 78, sec. 1, § 8–53–113, 1983 Colo.Sess.Laws 416, 421.

within the prescribed period. *Padilla,* 696 P.2d at 278. The ground of "mistake" as used in section 8–53–119 means any mistake, whether of law or fact. *Gregorich v. Industrial Commission,* 117 Colo. 423, 427, 188 P.2d 886, 888 (1948).

The director in this case elected to hold a hearing on the merits of Ward's request for review of past deductions from his workers' compensation disability benefits based on cost-of-living increases in federal social security disability benefits in light of *Engelbrecht.* In so doing, he properly exercised his discretion under section 8–53–119. Indeed, in view of the holding of *Engelbrecht* that cost-of-living deductions were erroneous, and the importance of the question whether *Engelbrecht* should be applied retroactively, we believe it would have been a clear abuse of discretion not to hold a hearing on the merits of Ward's request for review. We therefore conclude that the hearing officer had jurisdiction to reconsider the propriety of the contested deductions in light of *Engelbrecht.*[5]

### III.

■ The respondents urge that our decision in *Engelbrecht* should not be given retroactive effect. We reached a contrary conclusion in *Marinez v. Industrial Commission,* 746 P.2d 552 (Colo.1987). That case is dispositive of the respondent's contention. The petitioner should be allowed to recover the moneys previously deducted from his workers' compensation disability benefits based on cost-of-living increases in

his federal social security disability benefit payments.[6]

We reverse the judgment of the court of appeals and remand the case to that court to be returned to the Commission for further proceedings consistent with the views expressed in this opinion.

MULLARKEY, J., did not participate.

---

**5.** The respondents argue that the petitioner never filed a petition to reopen. We disagree. The petitioner did not title his application as a "petition to reopen." We conclude, however, that the petitioner's application for a hearing to review his case was effectively a petition to reopen. In any event a petition to reopen is not a statutory requirement. Although it serves to call the matter to the director's attention, section 8–53–119 contemplates that a decision to reopen will be predicated on the director's own motion.

**6.** Although we consider *Marinez v. Industrial Commission,* 746 P.2d 552 (Colo.1987), dispositive of the issue of retroactivity, we note that, as in *Marinez,* the record in the present case contains no data to permit evaluation of the respondents' assertion that the retroactive application

of *Engelbrecht* will have serious detrimental effects on insurance carriers and will jeopardize the financial stability of the workers' compensation insurance system. The only evidence in the record on this matter is the testimony of the workers' compensation claims supervisor in the Department, in response to questions by the hearing officer. The witness testified very generally that he had heard that retroactive application of *Engelbrecht* would create a hardship for insurers and would adversely affect the adequacy of reserves. He testified, however, that the effect of retroactivity in theory would be a prospective increase in insurance rates to cover the increased costs, and an increase in the cost of the employer's products or services to defray the higher premiums.