Bernard BURKE, Jr., Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORADO
and Martin Marietta Corporation, Re-
spondents.

No. 94CA0166.

Colorado Court of Appeals,
Div. I.

Aug. 25, 1994.

Rehearing Denied Oct. 27, 1994.

Steven H. Gurwin, Denver, for petitioner.

No appearance for respondent Indus.
Claim Appeals Office.

Watson, Nathan & Bremer, P.C., Mark H.
Dumm, Andrew J. Fisher, Denver, for re-
spondent Martin Marietta Corp.

Opinion by Judge METZGER.

Martin Marietta Corporation (employer)
seeks review of the final order of the Indus-
trial Claim Appeals Office which allowed Ber-
nard Burke, Jr., (claimant) to reopen his
workers' compensation claim for a ligament
tear injury. His original claim had been
closed for failure to appear at a hearing
claimant had requested. We affirm.

Claimant suffered a ligament tear injury to
his wrist in an admitted industrial injury on
December 16, 1987, and, according to the
final admission of liability, received tempo-
rary total disability benefits. Thereafter, he
requested a hearing on his injury and disabil-
ity issues.

In the interim, claimant suffered an admit-
ted occupational disease of right carpal tun-
nel syndrome to the same wrist. This was
originally processed under another claim

number, but then was consolidated with the ligament tear injury claim.

When claimant did not appear for the hearing, the Administrative Law Judge (ALJ) issued an order denying the consolidated claims, except for benefits already admitted, unless the claimant showed cause within 30 days why the claims should not be denied for lack of prosecution. Claimant did not respond and the file was closed.

Nearly three years later, claimant filed a petition to reopen based on a change in his physical condition. Following a hearing, the ALJ allowed claimant to reopen his file as to the ligament tear injury but not as to the carpal tunnel occupational disease. The ALJ relied on evidence which showed that only the ligament tear had worsened. On review, the Industrial Claim Appeals Office affirmed the order. Claimant did not appeal this determination.

## I.

The employer contends that the Panel erred in allowing claimant to reopen his claim after it had been closed because claimant failed to prosecute. The employer argues that, because the claimant did not pursue administrative or judicial review, there is nothing to reopen and he is barred from reopening the claim. We disagree.

■ An order, whether resulting from an admission, agreement, or a contested hearing, which addresses benefits and which grants or denies a benefit, constitutes an award. After an award becomes final by exhaustion of or failure to exhaust review proceedings, no further benefits may be awarded unless there is an appropriate order to reopen the proceedings. *See Brown & Root, Inc. v. Industrial Claim Appeals Office*, 833 P.2d 780 (Colo.App.1991).

In the context of workers' compensation, "final" award "means only that the matter has been concluded unless reopened." *Standard Metals Corp. v. Gallegos*, 781 P.2d 142, 145 (Colo.App.1989).

■ Here, the claimant initially received an award of temporary disability benefits for the ligament tear injury. Even though he failed to pursue that claim through the hearing stage and his file was closed, there was,

nonetheless, an award. Thus, under these circumstances, we are not persuaded that there is any bar to seeking to reopen the claim under the statutory criteria.

## II.

We also reject the employer's contention that it proved the defense of laches in this proceeding.

■ The equitable defense of laches may be used to deny relief to a party whose unconscionable delay in enforcing his rights has prejudiced the party against whom enforcement is sought. *Bacon v. Industrial Claim Appeals Office*, 746 P.2d 74 (Colo.App. 1987).

■ Regardless of the claimant's reason for not attending the hearing and allowing his claim to be closed, the reopening was based on a worsening of his condition. There is no evidence that, at the time claimant failed to attend the hearing, he could have known that his condition would worsen or the extent to which it would worsen. And, the evidence does not show that claimant unconscionably delayed in filing his petition to reopen after his condition had worsened.

Order affirmed.

RULAND and ROY, JJ., concur.