Ruben H. **RENZ** (Decedent) and Gladys Renz, Petitioners,

v.

**LARIMER COUNTY SCHOOL DISTRICT POUDRE R–1; Colorado Compensation Insurance Authority; Director, Department of Labor & Employment, Division of Workers' Compensation; and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 95CA1300.

Colorado Court of Appeals, Div. A.

June 27, 1996.

Rehearing Denied Aug. 22, 1996.

Hill and Hill, P.C., Timms R. Fowler, Alden T. Hill, Fort Collins, for Petitioners.

Dufford & Brown, P.C., Douglas P. Rueg-segger, Douglas A. Thomas, Denver, for Respondents Larimer County School District Poudre R–1 and Colorado Compensation Insurance Authority.

No Appearance for Respondents Industrial Claim Appeals Office and Director, Department of Labor & Employment, Division of Workers' Compensation.

Opinion by Chief Judge STERNBERG.

In this workers' compensation case, petitioner, Gladys Renz (claimant), widow of the deceased worker, Ruben Henry Renz, seeks review of a final order of the Industrial Claim Appeals Panel (Panel) which upheld an order of an Administrative Law Judge (ALJ) in favor of respondents, Larimer County School District Poudre R–1 and Colorado Compensation Insurance Authority. The ALJ granted respondents' petition to reopen a prior award on the grounds of a mistake of law in a previous adjudication and, in the reopened proceeding, allowed respondents henceforth to offset claimant's federal social security widow's benefits against her workers' compensation death benefits. We reject claimant's contentions of error, and therefore, we affirm.

The record reveals the following pertinent facts. After the decedent died in 1977, claimant became entitled to workers' compensation death benefits under the former § 8–50–103, C.R.S. (1986 Repl.Vol. 3B) (now recodified with certain changes not relevant here as § 8–42–114, C.R.S. (1995 Cum. Supp.)). Later, when claimant also became entitled to widow's benefits under the federal social security scheme, a dispute arose between claimant and respondents as to whether § 8–50–103 authorized respondents to offset her federal survivors' benefits against her workers' compensation death benefits.

This dispute was previously litigated by these parties in earlier administrative and judicial workers' compensation proceedings, culminating in the decision issued by this court in *Larimer County School District Poudre R–1 v. Industrial Commission,* 727 P.2d 401 (Colo.App.1986), *cert. denied as improvidently granted,* 752 P.2d 80 (Colo.1988). In *Larimer County,* a division of this court affirmed an order of the Industrial Commission disallowing such an offset, ruling that federal social security widow's benefits do not constitute the type of "periodic death benefits" under the provisions of § 8–50–103 which are authorized to be offset against workers' compensation death benefits.

Nearly six years after the decision in *Larimer County* became final, the supreme court issued its decision concerning a similar issue in *L.E.L. Construction v. Goode,* 867 P.2d 875 (Colo.1994). There, the supreme court held that the provisions of § 8–50–103 do indeed authorize the offsetting of federal social security mother's benefits against workers' compensation death benefits. Moreover, the court further ruled that these statutory provisions authorize *all* federal social security survivors' benefits, including widow's benefits, to be offset against workers' compensation death benefits, and the court expressly "disapproved" the ruling in *Larimer County* to the extent that it is inconsistent with *Goode. L.E.L. Construction v. Goode, supra* (fn.5).

Respondents thereafter eventually filed a petition to reopen as to the offset issue based on the *Goode* decision, asserting that the previous disallowance of the offset was based on a mistake of law and once again asserting that they are entitled to take the offset.

Following a hearing, the ALJ granted the petition to reopen under § 8–43–303, C.R.S. (1995 Cum.Supp.), ruling that the *Goode* decision established a "mistake of law" in the previous disallowance of the offset which justified the reopening of the offset issue. Despite finding as credible claimant's testimony that allowing the offset would work a "financial hardship" upon her, the ALJ then allowed respondents to offset claimant's future social security widow's benefits against her workers' compensation death benefits beginning from the date of the hearing on the reopening, December 9, 1994.

On review, the Panel rejected claimant's contentions of error and affirmed the ALJ's order. This appeal followed.

### I.

We first reject claimant's various arguments to the effect that the ALJ and the Panel erred in reopening the offset issue and allowing the offset to be taken under the circumstances here.

### A.

■ Notwithstanding the previous adjudication of the offset issue in the *Larimer County* decision, the reopening of the offset issue was not barred by the doctrines of *res judicata* or law of the case under the applicable statutory scheme. *See Standard Metals Corp. v. Gallegos,* 781 P.2d 142 (Colo.App. 1989) (*res judicata* no bar to reopening workers' compensation matter despite denial of prior petition to reopen); *see also Burke v. Industrial Claim Appeals Office,* 905 P.2d 1 (Colo.App.1994) (no bar to seeking to reopen workers' compensation matter under statutory criteria by finality of prior proceedings).

We would agree with claimant that, absent an appropriate order reopening a workers' compensation matter, the doctrine of *res judicata* may bar later relitigation of an earlier final adjudication even in workers' compensation matters. *See State Compensation Insurance Fund v. Luna,* 156 Colo. 106, 397 P.2d 231 (1964); *see also Burke v. Industrial Claim Appeals Office, supra.*

However, the reopening authority under the provisions of § 8–43–303 is indicative of a strong legislative policy that, in workers' compensation matters, the goal of achieving a fair and just result overrides the interest of litigants in obtaining a final resolution of their dispute. *Padilla v. Industrial Commission,* 696 P.2d 273 (Colo.1985); *Standard Metals Corp. v. Gallegos, supra.*

■ Thus, in the context of workers' compensation matters, a "final" award means only that the matter has been concluded subject to later reopening if warranted under the applicable statutory criteria. *See Padilla v. Industrial Commission, supra; Burke v. Industrial Claim Appeals Office, supra.*

### B.

■ Next, contrary to claimant's further argument, we conclude that the reopening of the offset issue was authorized under the applicable statutory criteria.

■ By its terms, § 8–43–303 authorizes an ALJ to reopen any award on the grounds of "an error, a mistake, or a change in condition." The reopening ground of "mistake" under these provisions includes any "mistake of law" as well as those of fact. *Ward v. Azotea Contractors,* 748 P.2d 338 (Colo.1987).

To the extent that claimant continues to assert that respondents are not authorized to take the offset under the provisions of § 8–50–103 and that the *Larimer County* decision correctly determined this statutory construction issue, we find the supreme court's decision in *Goode* to be dispositive against her position. We agree with the ALJ and the Panel that the *Goode* decision conclusively establishes that the disallowance of the offset in the *Larimer County* decision was premised on a "mistake of law," *i.e.,* on an erroneous statutory construction of the offset provisions regarding such widow's benefits. Our analysis of the two rulings leads us to conclude that the *Goode* decision effectively invalidates both the reasoning and the holding of the *Larimer County* decision.

■ Moreover, a "mistake of law" which justifies reopening of a workers' compensation matter under § 8–43–303 may be established if, as here, an original order is inconsistent with a subsequent judicial in-

terpretation of a controlling statutory provision. *See Gregorich v. Industrial Commission*, 117 Colo. 423, 188 P.2d 886 (1948) (reopening authorized where prior order was based on mistaken interpretation of statutory limitations provisions as established by subsequent judicial decision); *Koch Industries, Inc. v. Pena*, 910 P.2d 77 (Colo.App.1995) (same as to statutory offset provisions); *Travelers Insurance Co. v. Industrial Commission*, 646 P.2d 399 (Colo. App.1981).

Thus, the ALJ and the Panel were correct in ruling that the mistake of law made here in the previous order disallowing the offset as established by the subsequent *Goode* decision constituted a sufficient basis for reopening the offset issue under the applicable statutory criteria. *See* § 8–43–303; *Gregorich v. Industrial Commission, supra; Koch Industries, Inc. v. Pena, supra; Travelers Insurance Co. v. Industrial Commission, supra.*

We also agree with the Panel that, contrary to claimant's argument, it is immaterial to the reopening analysis under the foregoing statutory criteria whether the prior order premised on a mistake of law has been upheld by an appellate court, as it was here in the *Larimer County* decision.

■ Rather, the statutory authority for reopening workers' compensation matters on grounds of a mistake of law applies in all cases, regardless of how the mistaken prior order became final, whether as a result of a failure to pursue administrative and judicial review proceedings or upon completion of such review at any stage of such proceedings. *See* § 8–43–303; *Ward v. Azotea Contractors, supra* (reopening based on mistake of law authorized despite previous failure to pursue review); *Gregorich v. Industrial Commission, supra* (reopening based on mistake of law authorized despite previous supreme court decision on prior order); *Coursey v. Industrial Commission*, 83 Colo. 490, 267 P. 202 (1928) (previous district court judgment gave prior award "no additional virtue" so as to bar reopening of such award).

Contrary to claimant's argument, the ALJ had authority to reopen the previous order upheld in the *Larimer County* decision under the separation of powers doctrine. Claimant's argument in this regard overlooks the fact that the "mistake of law" found to have been made in the *Larimer County* decision was established by the subsequent supreme court decision in *Goode*, rather than by a unilateral and unauthorized pronouncement by the ALJ. Thus, the ALJ was authorized to reopen the offset issue here pursuant to the express statutory provisions of § 8–43–303.

### C.

■ We also disagree with claimant that the ALJ abused his discretion in reopening the offset issue and allowing the offset to be taken under the circumstances here.

■ As noted by claimant, the reopening authority under the provisions of § 8–43–303 is permissive, not mandatory, and the decision as to whether to reopen a prior award when the statutory criteria have been met is left to the sound discretion of the ALJ. *See Padilla v. Industrial Commission, supra; Standard Metals Corp. v. Gallegos, supra.* Thus, on review, an ALJ's decision to reopen an award under the statutory criteria may be set aside only on the basis of fraud or a clear abuse of discretion. *See Ward v. Azotea Contractors, supra; Wilson v. Jim Snyder Drilling*, 747 P.2d 647 (Colo.1987).

Here, the ALJ found, and it is undisputed, that allowing the offset to be taken results in financial hardship on claimant. It is also undisputed that claimant had been receiving her benefit payments for many years without the offset being taken because she had prevailed in previous litigation on this issue, and that she had been entitled to rely on the *Larimer County* decision, at least until the *Goode* decision was issued. Nevertheless, under the totality of the circumstances here, it cannot be said that the ALJ abused his discretion as a matter of law in reopening the offset issue and allowing the offset to be taken against claimant's future benefit payments. *See Johnson v. Industrial Commission*, 761 P.2d 1140 (Colo.1988).

Rather, we note that the *Goode* decision established that the previous disallowance of the offset was in error under the law and

that respondents are and have been entitled to take the offset under the controlling statutory provisions. Moreover, the offset has now been allowed only against claimant's future benefit payments following reopening; respondents have not sought, and the ALJ has not allowed, the recovery of any part of the past overpayment of benefits from claimant resulting from the *Goode* decision.

Thus, the issue becomes whether the ALJ abused his discretion in allowing respondents to discontinue their practice of overpaying claimant by taking an offset which, under the law, they are authorized to take. It would be inconsistent with the policies behind the Workers' Compensation Act to perpetuate the future overpayment of benefits by failing to follow existing and applicable law governing the offsets at issue based upon a prior erroneous decision on the matter. *See Koch Industries, Inc. v. Pena, supra; Travelers Insurance Co. v. Industrial Commission, supra.*

### D.

We have also considered claimant's remaining arguments on the reopening issues, and find them to be unpersuasive.

### II.

 Finally, we reject claimant's arguments to the effect that the ALJ and the Panel erred in applying the *Goode* decision retroactively in allowing the offset to be taken in this matter.

Contrary to claimant's argument, we agree with the Panel that no retroactivity issues are raised in this matter because the *Goode* decision has been applied only prospectively here, *i.e.,* the offset has been allowed to be taken only against claimant's future benefit payments following reopening.

Here, because there has been no attempt to recover from claimant any part of the past overpayment of benefits which she received prior to the date of the *Goode* decision, we perceive no retroactive application of that decision in this matter. Rather, because the

offset based on the *Goode* decision has been allowed to be taken only against claimant's future benefit payments to be made subsequent to both the date of the *Goode* decision and the date of reopening, we conclude that the new rule in the *Goode* decision has been applied only prospectively here. *See Marinez v. Industrial Commission,* 746 P.2d 552 (Colo.1987); *see also Ward v. Azotea Contractors, supra; Koch Industries, Inc. v. Pena, supra.*

 As noted by claimant, the rights and liabilities of the parties to a workers' compensation death benefits claim accrue or vest at the time of death, to be determined by the statute in effect at that time. *Rosa v. Industrial Claim Appeals Office,* 885 P.2d 331 (Colo.App.1994).

Contrary to claimant's argument, however, the dispositive interpretation of the offset provisions of § 8–50–103 as in effect at the time of the decedent's death in 1977 is provided in the *Goode* decision, not the *Larimer County* decision. In addition, the reduction in claimant's benefits based on the interpretation of the 1977 statutory offset provisions set forth in the *Goode* decision has been applied only to payments made after the date of that decision.

In light of this disposition of the retroactivity issues, we need not address the remaining contentions of the parties on such issues.

Accordingly, the Panel's order is affirmed.

NEY and PIERCE,* JJ., concur.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1995 Cum.Supp.).